WYNN, Circuit Judge,
concurring:
I concur fully in the thoughtful and well-reasoned majority opinion in these cases. I write separately only to underscore the prudence of the majority’s restraint, which promotes both “efficient judicial administration” and “the prerogatives of district court judges, who play a special role in managing ongoing litigation.” Mohawk Indus., Inc. v. Carpenter, — U.S. —, 130 S.Ct. 599, 605, 175 L.Ed.2d 458 (2009).
With respect to the latter consideration, I feel compelled to reiterate the majority’s holding that our limited appellate role leaves us without jurisdiction at this stage of the litigation to consider the underlying merits of these appeals. Likewise, as noted in the majority opinion, “facts that might be material to the ultimate issue have [not yet] been conclusively identified” in these cases, which are on appeal from motions to dismiss. Ante at 223.
Accordingly, today’s opinion offers no guidance to the district court on the underlying merits of these matters. To do otherwise would, in my opinion, potentially usurp the role of the district court or risk overstepping our own. See United States *225 v. Fruehauf, 365 U.S. 146, 157, 81 S.Ct. 547, 5 L.Ed.2d 476 (1961) (“Such [advisory] opinions, such advance expressions of legal judgment upon issues which remain unfocused because they are not pressed before the Court with that clear concreteness provided when a question emerges precisely framed and necessary for decision from a clash of adversary argument exploring every aspect of a multifaceted situation embracing conflicting and demanding interests, we have consistently refused to give.”). Further, to the extent that my colleagues, in separate opinions, offer their views on the underlying merits of these cases, those opinions, “by their nature[,] express views that are not the law.” Arar v. Ashcroft, 585 F.3d 559, 581 n. 14 (2d Cir.2009) (en banc).